UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MITSUI ENGINEERING & SHIPBUILDING CO., LTD., 6-4 Tsukiji 5-Chome Chuo-Ku, Tokyo 104-8439 Japan<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, 2201 C Street N.W., Washington, D.C. 20520<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>**5 U.S.C. § 552** |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.　This is an action under the Freedom of Information Act, ("FOIA"), 5 U.S.C. section 552, for injunctive and other appropriate relief, and seeking the expedited processing and release of agency records requested by plaintiff from defendant United States Department of State.

JURISDICTION AND VENUE

2.　This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. §§ 552 (a)(4)(B) and 552 (a)(6)(E)(iii). This Court also has jurisdiction over this action under 28 U.S.C. 1331. Venue properly lies in this district under 5 U.S.C. § 552 (a)(4)(B).

PARTIES

3.　Plaintiff MITSUI ENGINEERING & SHIPBUILDING CO., LTD. ("MES") is a Japanese corporation with its principal place of business in Tokyo, Japan. MES is engaged in heavy industrial construction, including the manufacturing of ships and cranes. MES also builds

infrastructure, such as bridges and highways for governmental entities, including Japan.

4. Defendant UNITED STATES DEPARTMENT OF STATE ("DOS") is a department of the Executive Branch of the United States Government. DOS is an agency within the meaning of 5 U.S.C. § 552 (f).

## PLAINTIFF'S FOIA REQUESTS

5. On February 6, 2006 MES submitted a proper request under the FOIA to DOS. A true and correct copy of said request is attached hereto as **Exhibit 1**.

6. On March 10, 2006, after receiving no response from defendant to its FOIA request, plaintiff sent another FOIA request to defendant. A true and correct copy of said request is attached hereto as **Exhibit 2**.

7. On April 27, 2006 plaintiff received a letter dated April 13, 2006 from defendant acknowledging receipt of plaintiff's initial FOIA requests dated February 6 and March 10, 2006. A true and correct copy of said letter is attached hereto as **Exhibit 3**. Plaintiff has never received any other document from defendant.

8. By letter dated July 28, 2006 plaintiff again wrote to defendant to follow-up on its previous FOIA requests. A true and correct copy of said letter is attached hereto as **Exhibit 4**.

9. On September 28, 2006 plaintiff again sent defendant a letter to follow-up on its previous FOIA requests of February 6, 2006 and March 10, 2006. A true and correct copy of said letter is attached hereto as **Exhibit 5**.

10. Plaintiff's requests for information were proper in that they were narrowly tailored to conform to defendant's own guidelines for the submission of such requests as contained in 22 C.F.R. Part 171, Subpart A, §§ 171.1 and 171.5[c], as amended in 69 Federal Register 63,935-63,936 (2004).

11. Plaintiff has exhausted its administrative remedies in that it has been deemed to have done so by virtue of the fact that defendant has failed to provide any timely response to plaintiff's FOIA requests.

## CAUSES OF ACTION

### First Cause of Action

### Violation of the Freedom of Information Act for Failing to Timely Release Properly Requested Records

12. Plaintiff realleges and incorporates the preceding Paragraphs 3-11, as though fully set forth herein.

13. Defendant has improperly withheld agency records properly requested by MES.

14. DOS's failure to timely respond to MES's requests for information violates the FOIA, 5 U.S.C. § 552.

## REQUESTED RELIEF

WHEREFORE, plaintiff prays that this Court:

15. Order defendant to immediately process the requested records in their entirety *on an expedited basis*;

16. Order defendant, upon completion of such expedited processing, to disclose copies of the requested records in their entirety to plaintiff;

17. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

18. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Anne E. Mickey, 244319
Heather M. Spring, 460640
SHER & BLACKWELL, LLP
1850 M Street, N.W., Suite 900
Washington, D.C. 20036
(202) 463-2500 (tel)
(202) 463-4950 (fax)

*Attorneys for Mitsui Engineering & Shipbuilding Co., Ltd.*

Dated: October 18, 2006

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN
GREGORY W. POULOS
FREDERICK J. CARR
*ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA 94105
TELEPHONE (415) 438-4600 • FACSIMILE (415) 438-4601
www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
LAURA A. SCALES
MAX L. KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
RONNIE R. GIPSON, Jr.

February 6, 2006

**VIA U.S. MAIL**

PM/DDTC, SA-1, 12th Floor
Directorate of Defense Trade Controls
Bureau of Political Military Affairs
U.S. Department of State
Washington, D.C. 20522-0112

Re:   Subject: Freedom of Information Act Request
      Case Name: Mitsui Engineering and Shipbuilding v. Jered Industries, Inc.
      Court: Arbitration
      Our Ref.: MES.JERED/2326

Dear Sir or Madam:

This is a request pursuant to the Freedom of Information Act, 5 U.S.C. Section 551, et seq.

Our law firm represents Mitsui Engineering and Shipbuilding Co., Ltd (MES) in a contractual lawsuit.

On 11/18/04 Mitsui entered into a license agreement with Jered Industries, Inc. (JII). This agreement involved the licensing of "Radar Cross Section Masks or Shields as originally designed by JII (or ACH-Engineering) and modifications or improvements thereto developed by JII or MES for MES, for use by the Japan Defense Agency's DDH or DDX Shipbuilding Programs."

According to its terms, this licensing agreement cannot enter into force without the prior approval of the U.S. State Department. We do not know whether U.S. State Department approval was ever sought by Jered Industries, Inc., but JII now seeks to back out of this agreement, on the grounds that there has been no approval by the State Department.

By this FOIA request we ask you to tell us whether Jered Industries, Inc. (JII) ever made a request of the U.S. State Department seeking prior approval for the aforementioned licensing agreement and if so, that you produce to us a copy of JII's

EXHIBIT "_____1_____"

February 6, 2006
Page 2

request, the U.S. State Department's response, and all other documentation, correspondence, notes, reports, or other records concerning same.

    We agree to pay all reasonable administrative costs associated with your complying with this request. Please advise us of your costs for providing this information so that we may send payment to you promptly.

    We anticipate you providing the requested information within twenty (20) days.

    If your agency is not the correct agency to approach with this FOIA request (i.e., you do not keep such records), please provide me with the name and addressing for the correct agency that does keep such records.

Sincerely,

*Kirk W. Smith*

Kirk W. Smith
COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN
GREGORY W. POULOS
FREDERICK J. CARR
*ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA 94105
TELEPHONE (415) 438-4600 • FACSIMILE (415) 438-4601
www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
LAURA A. SCALES
MAX L. KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
RONNIE R. GIPSON, Jr.

March 10, 2006

**VIA U.S. MAIL**

Office of Information Programs and Services
A/RPS/IPS/RL
U.S. Department of State, SA-2
Washington, D.C. 20522-8100

Re:   **Freedom of Information Act Request**
      **Case Name:** Mitsui Engineering and Shipbuilding v. Jered Industries, Inc.
      **Court:** Arbitration
      **Our Ref.:** MES.JERED/2326

**Dear FOIA Officer:**

This is a request pursuant to the Freedom of Information Act, 5 U.S.C. Section 551, et seq.

**Date range of request:** Between 01/2001 to present.

**Description of request:**

Our law firm represents Mitsui Engineering and Shipbuilding Co., Ltd. (MES) in a breach of contract lawsuit against Jered Industries, Inc. (JII).

Our request is for all documentation, correspondence, notes, requests, reports, or other records concerning any and all licensing agreements submitted by Jered Industries, Inc. to the U.S. state Department or its various agencies or discussed by Jered Industries, Inc. with the U.S. Department of State and its various agencies.

*Examples of the aforementioned are:*
1. radar cross section masks or shields as originally designed by JII (or ACH-Engineering) and modifications or improvements thereto developed by JII or MES for MES for use by the Japan Defense Agency's DDH or DDX Shipbuilding Programs;

EXHIBIT " 2 "

March 10, 2006
Page 2

    2. a manufacturing license concerning the production of aircraft elevators for the Japan Defense Agency's DDH Shipbuilding Program [*see U.S. State Department Reference No.: ODTC Case MA 1341-02*];
    3. licensing agreements between JII and a Japanese company called IHI-MU or IHI-Aero;
    4. but not limited to the above.

Please provide any and all such licensing agreement-related documents submitted by JII to the U.S. State Department or any of its agencies and any agency responses, documentation, correspondence, notes, requests, reports, or other records concerning same between 01/2001 and present.

We agree to pay all reasonable administrative costs associated with your complying with this request. Please advise us of your costs for providing this information so that we may send payment to you promptly.

We anticipate you providing the requested information within twenty (20) days.

Sincerely,

*/Kirk W. Smith/*

Kirk W. Smith
COX, WOOTTON, GRIFFIN, HANSEN &
POULOS, LLP



**United States Department of State**

*Washington, D.C. 20520*
April 13, 2006

Mr. Kirk W. Smith
Cox, Wooton, Griffin, Hansen & Poulos, LLP
Attorneys at Law
190 The Embarcadero
San Francisco, CA 94105

Dear Mr. Smith:

This is to acknowledge receipt of your letters, dated February 6, 2006 and March 10 2006, for copies of documents concerning licensing agreements submitted by Jered Industrial, Inc. Your request has been assigned case control # 200601310.

I assure you that we are making every effort to be responsive to your request. Toward that end, it may be necessary to contact you for additional information regarding the records you seek or more documentation to ensure that your request complies with our published regulations (22 C.F.R. Part 171).

While we will make every effort to meet the time limits cited in the Freedom of Information Act (5 U.S.C. § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Mary Therese Casto, Chief
Requester Communications Branch

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
   *Web site: foia.state.gov*

Inquiries:
Phone: 1-202-261-8314
FAX: 1-202-261-8579
email: FOIAStatus@state.gov

EXHIBIT " 3 "

to which the record has been integrated into the Department's record keeping system or files.

(g) *Direct costs* means those costs the Department incurs in searching for, duplicating, and, in the case of commercial requests, reviewing documents in response to a FOIA request. The term does not include overhead expenses.

(h) *Search costs* means those costs the Department incurs in looking for, identifying, and retrieving material, in paper or electronic form, that is responsive to a request, including page-by-page or line-by-line identification of material within documents. The Department shall attempt to ensure that searching for material is done in the most efficient and least expensive manner so as to minimize costs for both the Department and the requester.

(i) *Duplication costs* means those costs the Department incurs in copying a requested record in a form appropriate for release in response to a FOIA request. Such copies may take the form of paper copy, microfiche, audio-visual materials, or machine-readable electronic documentation (e.g., disk or CD-ROM), among others.

(j) *Review costs* means costs the Department incurs in examining a record to determine whether and to what extent the record is responsive to the FOIA request and the extent to which it may be disclosed to the requester. It does not include costs of resolving general legal or policy issues that may be raised by a request.

(k) *Unusual circumstances.* As used herein, but only to the extent reasonably necessary to the proper processing of the particular request, the term "unusual circumstances" means:

(1) The need to search for and collect the requested records from Foreign Service posts or other separate and distinct Department offices;

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are demanded in a single request; or

(3) The need for consultation with another agency having a substantial interest in the determination of the request or among two or more components of the Department that have a substantial subject matter interest therein. Such consultation shall be conducted with all practicable speed.

(l) *Commercial use request* means a request from or on behalf of one who requests information for a use or purpose that furthers the commercial, trade, or profit interest of the requester or the person on whose behalf the request is made. In determining whether a requester belongs within this category, the Department will look at the use to which the requester will put the information requested.

(m) *Educational institution* means a preschool, a public or private elementary or secondary school, an institution of undergraduate or graduate higher education, an institution of professional education, or an institution of vocational education, that operates a program or programs of scholarly research.

(n) *Non-commercial scientific institution* means an institution that is not operated on a "commercial" basis, as that term is used in paragraph (l) of this section and that is operated solely for the purpose of conducting scientific research, the results of which are not intended to promote any particular product or industry.

(o) *Representative of the news media* means any person actively gathering news for an entity that is organized and operated to publish or broadcast news to the public. The term news means information that is about current events or that would be of current interest to the public. News media include television or radio stations broadcasting to the public at large and publishers of periodicals (but only in those instances when they can qualify as disseminators of "news") who make their products available for purchase by the general public. Freelance journalists may be regarded as working for a news organization if they can demonstrate, such as by past publication, a likelihood of publication through a representative of the news media, even though not actually employed by it.

(p) *All other* means an individual or organization not covered by a definition in paragraphs (l), (m), (n), or (o) of this section.

§ 171.12   Processing requests.

The Information and Privacy Coordinator is responsible for acting on all initial requests except for requests for records coming under the jurisdiction of the Bureau of Consular Affairs, the Bureau of Diplomatic Security, the Bureau of Human Resources, the Office of Medical Services, and the Office of the Inspector General.

(a) *Third party requests.* Except for requests under the Privacy Act by a parent of a minor or by a legal guardian (§ 171.32(c)), requests for records pertaining to another individual shall be processed under the FOIA and must be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury, or by proof that the individual is deceased (e.g., death certificate or obituary).

(b) *Expedited processing.* Requests and appeals shall be taken out of order and given expedited treatment whenever a requester has demonstrated that a "compelling need" for the information exists. A request for expedited processing may be made at the time of the initial request for records or at any later time. The request for expedited processing shall set forth with specificity the facts on which the request is based. A notice of the determination whether to grant expedited processing shall be provided to the requester within 10 days of the date of the receipt of the request. A "compelling need" is deemed to exist where the requester can demonstrate one of the following:

(1) Failure to obtain requested information on an expedited basis could reasonably be expected to: Pose an imminent threat to the life or physical safety of an individual; impair substantial due process rights; or harm substantial humanitarian interests.

(2) The information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity. News media requesters would normally qualify; however, other persons must demonstrate that their primary activity involves publishing or otherwise disseminating information to the public, not just a particular segment or group.

(i) *Urgently needed.* The information has a particular value that will be lost if not disseminated quickly. Ordinarily this means a breaking news story of general public interest. Information of historical interest only, or information sought for litigation or commercial activities would not qualify, nor would a news media publication or broadcast deadline unrelated to the breaking nature of the story.

(ii) *Actual or alleged Federal Government activity.* The information concerns some actions taken, contemplated, or alleged by or about the government of the United States, or one of its components or agencies, including the Congress.

(c) *Appeal of denial of expedited processing.* Any denial of a request for expedited processing may be appealed in accordance with the appeal procedure set forth in § 171.50.

(d) *Time limits.* The statutory time limit for responding to a FOIA request or to an appeal from a denial of a FOIA request is 20 days. In unusual circumstances, as defined in § 171.11(k), the time limits may be extended by the

# FILE COPY

## Cox, Wootton, Griffin, Hansen & Poulos, LLP

TERENCE S. COX
RICHARD C. WOOTTON*
MITCHELL S. GRIFFIN
RUPERT P. HANSEN
GREGORY W. POULOS
FREDERICK J. CARR
*ALSO ADMITTED IN HAWAII

ATTORNEYS AT LAW
190 THE EMBARCADERO
SAN FRANCISCO, CALIFORNIA 94105
TELEPHONE (415) 438-4600 • FACSIMILE (415) 438-4601
www.cwghp.com

MARC T. CEFALU
LYNN L. KRIEGER
LAURA A. SCALES
MAX L. KELLEY
GALIN G. LUK
CHRISTOPHER S. KIELIGER
RONNIE R. GIPSON, Jr.

July 28, 2006

**VIA U.S. MAIL AND FACSIMILE**

Ms. Mary Therese Casto, Chief
Requester Communications Branch
Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, D.C. 20522-8100

Re:  Freedom of Information Act Request
     Your reference: Case Control # 20060130
     Case Name: Mitsui Engineering and Shipbuilding v. Jered Industries, Inc.
     Court: Arbitration
     Our Ref.: MES.JERED/2326

Dear Ms. Casto:

We write to *follow-up on two FOIA requests* assigned Case Control # 20061310 ("FOIA Requests").

We submitted the FOIA Requests on behalf of our client, Mitsui Engineering and Shipbuilding ("MES"), on February 6, 2006 and March 10, 2006 to the United States Department of State. (We submitted the March 10 request because we did not receive a response to the February 6 request).

To date, *we have yet to receive a substantive response to the FOIA Requests.*

By July 31, 2006 and pursuant to your obligations under the Freedom Of Information Act, we ask that you please advise *when we should expect your response with documents* to the FOIA Requests *so that we may determine whether to proceed with legal action to compel production of the documents.*

The FOIA Requests requests production of two very discrete sets of documents (documents submitted by Jered Industries, Inc. ("JII") regarding radar cross section masks and aircraft elevators to the Department of State) for a very discrete time period (from January 2001 to present). These documents are relevant to a binding legal

EXHIBIT "4"

July 28, 2006
Page 2

arbitration on a breach of contract claim filed by MES against Jered. The arbitration is currently scheduled to begin on November 1, 2006.

We are enclosing a copy of our February 6 and March 10 requests as Exhibits 1 and 2, *respectively*. The first response to our February 6, 2006 FOIA request was by a letter we received on April 27, 2006 from the United States Department of State, dated April 13, 2006 and signed by you ("State Letter"). We received the State Letter only after our paralegal, Mr. Kirk Smith, called and left several messages with Margaret Grafeld, Information and Privacy Coordinator (202.261.8300) and then spoke with a gentleman named Tom (202.261.8484) from your office concerning the FOIA Requests. We are enclosing a copy of the State Letter as Exhibit 3.

The State Letter acknowledged receipt of the February 6 and March 10 FOIA Requests and assigned Case Control # 200601310 to the FOIA Requests. However, it did not provide any substantive response to the FOIA Requests nor did it advise when a response would be provided. Since the State Letter, Mr. Smith has called Tom who provided no new information as to the status of the FOIA Requests except to say "a year or more" is the normal turnaround time for FOIA Requests.

As you know, the Department of State was required to determine within 20 days of receipt of the February 6 request whether it intended to comply with the request and to immediately notify us of its decision. 5 U.S.C. § 552 (a)(6)(A); 22 C.F.R. 171.12 (d). Five months and several phone calls later, the State Department has yet to provide us with a response (nor did it assert that due to "unusual circumstances" it was entitled to a 10 day extension pursuant to 5 U.S.C. § 552 (a)(6)(b)(ii), 22 C.F.R. 171.12(d)).

An agency is obligated to honor document requests in time for the document to be useful. *Nishnic v. U.S. Dept. of Justice*, 671 F.Supp. 776 (D.D.C. 1987). The requested documents are very relevant to the arbitration. Your failure to produce these documents in a timely manner would violate MES' due process rights because it would deny MES the opportunity to review the documents in preparation for the upcoming arbitration.

If we are forced to file an action with the district court to compel production, we would seek all reasonable "attorney fees and other litigation costs reasonably incurred" pursuant to 5 U.S.C. § 552(4)(E). Further, we would ask the court to initiate "a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for" withholding the documents. 5 U.S.C. § 552(4)(F).

We believe that the five months we have provided the Department of State has been more than sufficient time for it to locate, identify and produce the requested documents. Unfortunately, we are running out of time to prepare for the arbitration.

July 28, 2006
Page 3

    Again, at your earliest, but no later than August 18, 2006 we ask that you please provide us with a response and the documents to the FOIA Requests.

                                                        Sincerely,

                                                        Galin G. Luk
                                                        COX, WOOTTON, GRIFFIN, HANSEN &
                                                        POULOS, LLP

**enclosures**

# COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

| | | |
|---|---|---|
| TERENCE S. COX<br>RICHARD C. WOOTTON*<br>MITCHELL S. GRIFFIN<br>RUPERT P. HANSEN<br>GREGORY W. POULOS<br>FREDERICK J. CARR<br>*ALSO ADMITTED IN HAWAII | ATTORNEYS AT LAW<br>190 THE EMBARCADERO<br>SAN FRANCISCO, CALIFORNIA 94105<br>TELEPHONE (415) 438-4600 • FACSIMILE (415) 438-4601<br>www.cwghp.com | MARC T. CEFALU<br>LYNN L. KRIEGER<br>LAURA A. SCALES<br>MAX L. KELLEY<br>GALIN G. LUK<br>ROBERT A. SCHWARTZ |

September 28, 2006

**VIA FEDERAL EXPRESS AND FACSIMILE**

Ms. Mary Therese Casto, Chief
Requester Communications Branch
Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, D.C. 20522-8100

Re:   Freedom of Information Act Request
       Your reference: Case Control # 20060130
       Case Name: Mitsui Engineering and Shipbuilding v. Jered Industries, Inc.
       Court: Arbitration
       Our Ref.: MES.JERED/2326

Dear Ms. Casto:

We write to *follow-up on two FOIA requests* assigned Case Control # 20061310 ("FOIA Requests") and our most recent letter to the Department of State dated July 28, 2006.

*To date, we have yet to receive any documents or responses to our FOIA Requests. If we do not receive the documents sought by our FOIA Requests by October 5, 2006 we will file an action with the district court to compel production and we will seek all reasonable "attorney fees and other litigation costs reasonably incurred" pursuant to 5 U.S.C. § 552(4)(E).*

We submitted the FOIA Requests on behalf of our client, Mitsui Engineering and Shipbuilding ("MES"), on February 6, 2006 and March 10, 2006 to the United States Department of State. (We submitted the March 10 request because we did not receive a response to the February 6 request).

In our July 28, 2006 letter we asked that by *July 31, 2006* and pursuant to your obligations under the Freedom Of Information Act, you please advise *when we should expect your response with documents* to the FOIA Requests *so that we may determine whether to proceed with legal action to compel production of the documents.* I am attaching a copy of the July 31 letter as Exhibit "A" along with copies of the exhibits that were referenced therein.

EXHIBIT "5"

September 28, 2006
Page 2

To date, despite several telephone calls to "Nick" at 202.663.2804 subsequent to the July 28 letter, we have yet to receive *substantive responses to the FOIA Requests let alone any information at all as to when we should be expecting a response.* Approximately one week ago, Nick left a telephone message for me (in response to several messages I left for him) simply stating "all I can say was that the request was submitted."

As I advised in my July 28 letter and in my several conversations with Nick, the documents sought by the FOIA request are relevant and necessary for our effective preparation of arbitration scheduled to commence on *November 1, 2006*. We have been extremely patient and reasonable in light of the upcoming arbitration date. However, we have waited over eight months and the Department of State has yet to provide the documents. This delay is prejudicing our rights and abilities to prepare for arbitration on behalf of our client.

*If we do not receive the documents sought by our FOIA requests by October 5, 2006 we will file an action with the district court to compel production and we will seek all reasonable "attorney fees and other litigation costs reasonably incurred" pursuant to 5 U.S.C. § 552(4)(E).* Further, we will ask the court to initiate "a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for" withholding the documents. 5 U.S.C. § 552(4)(F).

Sincerely,

Galin G. Luk
COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

enclosure

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MITSUI ENGINEERING & SHIPBUILDING CO., LTD. | UNITED STATES DEPARTMENT OF STATE |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ANNE E. MICKEY
HEATHER M. SPRING
1850 M STREET, N.W., SUITE 900
WASHINGTON, D.C. 20036
(202) 463-2500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
FOIA, 5 U.S.C. 552, Failure to respond to FOIA request.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  Oct. 18, 2006   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.